IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY J. BIERLEY, | ) | |
|              Plaintiff | ) | C.A. No. 15-198 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ADJ FRANK ABATE, et al., | ) | |
|              Defendants. | ) | |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On August 7, 2015, Plaintiff Harry Bierley filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint, which superseded the original complaint and is the operative pleading in this case. [ECF No. 16]. Named as Defendants are Magisterial District Judge Frank Abate ("Abate"); Attorney Marnen Mioduszewski ("Mioduszewski"); and James L. Kowalski ("Kowalski").

This case arises from a judgment of eviction that was entered against Plaintiff by Defendant Abate in the matter of Kowalski v. Bierley, MJ-06104-LT-156-2015, a residential landlord-tenant case that was filed against Plaintiff by Defendant Kowalski, his landlord. Defendant Mioduszewski was Kowalski's attorney in the case. Plaintiff claims that the judgment of eviction was illegal because Defendant Abate allegedly lacked jurisdiction over the

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 5, 12, 13].

1

case, and the judgment was the result of a conspiracy among the three Defendants. Plaintiff thus claims that each of the three Defendants committed treason and violated his civil rights.

On November 9, 2015, Defendants Kowalski and Mioduszewski filed a motion to dismiss first amended complaint [ECF No. 17] arguing, *inter alia*, that this Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine. On November 17, 2015, Defendant Abate filed his own motion to dismiss Plaintiff's amended complaint [ECF No. 20], raising the same argument, among others. Plaintiff has since filed an "answer" in opposition to these motions. [ECF Nos. 26]. This matter is now ripe for consideration.

**B.** **Relevant Factual History**

On or about June 5, 2015, Defendant Kowalski filed a landlord-tenant complaint against Plaintiff in Defendant Abate's Magisterial District Court, seeking to evict Plaintiff from Defendant Kowalski's property at 3123 German Street, Erie, Pennsylvania, where Plaintiff had been residing with Kowalski's recently deceased mother for approximately 25 years. Defendant Abate held an evidentiary hearing on the complaint on June 23, 2015, at which Plaintiff argued that Defendant Abate did not have jurisdiction to hear the case because Plaintiff was not Defendant Kowalski's tenant, but was, instead, a holdover who could be removed from the property only through an ejectment proceeding filed in the Court of Common Pleas of Erie County. Nonetheless, Defendant Abate entered a judgment of possession in Kowalski's favor.

Plaintiff alleges that he failed to file a timely appeal of Defendant Abate's judgment because he was "in shock and disbelief … since I knew it was void and invalid having been done [without] jurisdiction." (ECF No. 16, Amended Complaint, at p. 2). As a result, an Order

2

of Possession and Notice to Vacate was issued on July 9, 2015, pursuant to which Plaintiff was ordered to vacate the property by July 20, 2015. (Id. at pp. 2-3; ECF No. 4, Exhibits, at pp. 9-10). After receiving the Notice to Vacate, Plaintiff filed a "motion for permission to appeal *nunc pro tunc*" with the Erie County Court of Common Pleas on July 17, 2015; however, this motion was denied by Judge John Garhart on July 29, 2015, based on a finding of insufficient cause to provide *nunc pro tunc* relief. (Id. at pp. 2-3). The next day, another Order of Possession and Notice to Vacate was issued by Defendant Abate requiring Plaintiff to vacate the property by August 11, 2015. (Id. at p. 3). This caused Plaintiff to file the instant action on August 7, 2015, "to block ensuing severe harm to [him]." (Id. at p. 4).

### C. Standards of Review

#### 1. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). Since Defendants in this case are challenging this Court's subject matter jurisdiction under Rooker-Feldman, they are invoking a factual challenge. See McCurdy v. Esmonde, 2003 WL 223412, at *4 (E.D.Pa. Jan. 30, 2003) (finding that since "*Rooker-Feldman* turns on whether the issues were or could have been raised in the state court … or whether [they] are inextricably intertwined with the state court judgment," the issues raised by the 12(b)(1) motion were fact-based.)

3

When a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). Thus, in reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### 2. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the

4

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to

> state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### **3.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**D.      Discussion**

The first analysis must be to determine whether or not this court has jurisdiction over the subject matter of this action, as the federal courts are courts of limited jurisdiction. It is well-settled that federal district courts lack subject matter jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co, v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010), cert. denied, 536 U.S. 904 (2011). Under the Rooker-Feldman doctrine,[2] a federal district court does not have authority to review the propriety of a state court judgment where the losing party in the state court proceeding complains of injuries from that judgment. See Gary v. Braddock Cemetary, 517 F.3d 195, 201 (3d Cir. 2008); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed. Appx. 149 (3d Cir. 2009) (holding that Rooker-Feldman applies to claims actually raised in state court, as well as to those that were not raised but are "inextricably intertwined" with the state court adjudication).

The Third Circuit Court has recognized four requirements for applying the jurisdictional bar of the Rooker-Feldman doctrine: (1) The federal plaintiff lost in state court; (2) the federal plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the federal plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co., 615 F.3d at 166. All four of these requirements are met in this case.

It is beyond dispute that Plaintiff was the losing party in the landlord-tenant action before Defendant Abate and that he claims injury as a result; namely, removal from his residence. It is also beyond dispute that the state court judgments at issue, entered by both Defendant Abate and Judge Garhart, were rendered before the instant suit was filed. Finally, Plaintiff's request that Defendants be found guilty of treason and liable for violating his civil

---

[2] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

rights in connection with the ejectment proceedings invites this Court to review and reject the state court decisions, because Defendants' purported liability is solely dependent upon a finding that the ejectment was improper. This is precisely the type of finding Rooker-Feldman prevents. Thus, Defendants' motions to dismiss this action based on this Court's lack of subject matter jurisdiction will be granted.

       An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY J. BIERLEY, | ) | |
| Plaintiff | ) | C.A. No. 15-198 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ADJ FRANK ABATE, et al., | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 1st day of February, 2016,

IT IS HEREBY ORDERED that the motions to dismiss filed by Defendants Kowalski and Mioduszewski [ECF No. 17] and Defendant Abate [ECF No. 20] are GRANTED and this case is DISMISSED based upon this Court's lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Emergency Relief [ECF No. 24], seeking injunctive relief to prevent his removal from the property at 3123 German Street, Erie, Pennsylvania, is dismissed as moot for the reasons set forth in this Opinion and Order.

The Clerk is directed to mark this case closed.

                                                      /s/ Susan Paradise Baxter
                                                     SUSAN PARADISE BAXTER
                                                     United States Magistrate Judge